THE STATE OF TEXAS v. RICHARD GRIFFIN.

INDICTMENT FOR INDECENT EXHIBITION—WHEN SUFFICIENT.—An
indictment under article 2030, Paschal's Dig., for indecent exhibition
of one's person in public is sufficient if the offense be charged in the
language of the statute.

APPEAL from Bell.   Tried below before the Hon. J. P.
Osterhout.

The opinion quotes the charging portion of the indict-
ment.   The defendant excepted to the indictment upon the
ground that it was too vague and indefinite, 1. Because it
did not state the act which constituted the offense alleged
to have been committed.   2. Because it did not state the
place, when, or circumstances under which, the offense was
committed with sufficient certainty to enable the defendant
to plead a judgment on it in bar of a second prosecution
for the same offense.   These exceptions were overruled,

verdict guilty, and judgment, from which the defendant appealed.

*X. B. Saunders,* for appellant.

*George Clark, Attorney General,* for the State, cited State *v.* Hazle, 20 Ark., 186; Bishop's C. P., § 355, (2 ed.)

DEVINE, ASSOCIATE JUSTICE.—The indictment charged that appellee, " in the county of Bell, in said State of Texas, on the 24th day of December, anno Domini one thousand eight hundred and seventy-three, did then and there designedly make an obscene and indecent exhibition of his person in public, contrary to law and against the peace and dignity of the State." This indictment was sufficient. In the language of Chief Justice Roberts, in the case of John C. Moffit, charged with indecent exposure or exhibition of his person, and decided at this term, " it is generally sufficient and proper in indictments of this character that the language of the statute should be followed—nothing more nor less." In Arkansas, under a statute in almost the precise language of ours, an indictment charging the offense as in the one before the court was held to be sufficient. (The State *v.* Hazle, 20 Ark., 186.) The court erred in sustaining the exceptions to the indictment, for which the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.