STATE OF IOWA v. A. M. BAUGUESS, Appellant.

**Indictment:** INDECENT EXPOSURE. An indictment for lewdness under Code, 1873, section 4012, for indecently exposing one's person is not defective for failure to particularly specify the portion of the body so exposed.

SAME. The persons to whom the accused male an indecent exposure of his person need not be specified in an indictment for lewdness under Code, 1873. section 4012. It is not necessary that any person should witness the exposure.

*Appeal from Lee District Court.*—HON. HENRY BANK, Judge.

TUESDAY, OCTOBER 4, 1898.

DEFENDANT was indicted and tried for the crime of lewd-
ness and from a judgment of conviction prosecutes this
appeal.—*Affirmed.*

*T. B. Snyder* and *Watson & Weber* for appellant.

*Milton Remley,* Attorney General, and *Jesse A. Miller*
for the State.

WATERMAN, J:—I. The only matters seriously urged
relate to the sufficiency of the indictment. The material por-
tion of that instrument is as follows: "That A. M. Bauguess,
on the 28th day of June, 1897, at the township of Madison,
in the county of Lee and state aforesaid, did willfully, unlaw-
fully, and designedly make an open, indecent, and obscene
exposure of his person in a public place, to-wit, at or near
Pine street, on the north side of Sixth street, in the city of
Fort Madison," etc.

II. The first point sought to be made by appellant is
that the indictment is fatally defective in not particularly
specifying the part of the body that was exposed. It is said
that no crime is charged, since the offense is not
described, but only named. The indictment was found
under section 4012, Code 1873. The offense is desig-
nated as "lewdness," and the different forms of lewdness that
are made punishable are described. The portion of the sec-
tion that has application here is in these terms: "If any
man or woman, married or unmarried, is guilty of open and
gross lewdness and designedly make open and indecent or
obscene exposure of his or her person or of the person of
another, every such person shall be punished," etc. The
offense, we think, is here both named and described. The
phrase, "an indecent exposure of the person," in our opinion,
has a well-settled and commonly accepted signification. It
means the exhibition of such parts of the person as modesty or
a sense of self-respect requires to be kept usually covered.

Appellant argues that, so far as appears, the exposure might have been of the hand or foot. But the charge is that it was an indecent and obscene exhibition, and this precludes any such idea as that suggested. .It has been repeatedly held that an indictment is sufficient if it charges the offense in the language of the statute, when that shows the material facts which constitute the offense. *State v. Whalen,* 98 Iowa, 662, and cases cited. See, also, the more recent case of *State v. Porter,* 105 Iowa, 677. It is thought by counsel for appellant that this case falls within the rule announced in *State v. Butcher,* 79 Iowa, 111, but we think not. The distinction appears clear. In the latter case the offense, while named in the statute, was not described. The crime there charged was "willfully and unlawfully interrupting and disturbing a public school." This language is evidently not intended as a description of the forbidden act. One might "interrupt and disturb" a school by writing threatening letters to a timid or nervous teacher, and yet, we take it, such acts would not be violative of this section. It was therefore held that the acts constituting the offense should be set out in the information, in order that it might appear whether they amounted to a crime. In the statute governing the case at bar, as we have already said, the offense is not only named, but described, and the indictment follows the statute. This is sufficient. See, in addition to the decisions cited from this court, *State v. Griffin,* 43 Tex. 538; *State v. Hazle,* 20 Ark. 156.

III.    Another objection made to the indictment is that it does not charge to whom the defendant exposed his person. We know of no rule requiring this to be done. Indeed, we feel confident that, if a case should be made on a confession corroborated by circumstances, a defendant might properly be convicted of this offense, although no person witnessed the indecent act.

IV.    It is conceded that the instructions, as abstract propositions of law, are correct; that if the indictment properly charges the offense they should be sustained. But it is con-

tended that they contain elements that are not found in the offense as described in the indictment, and therefore they are erroneous. We have held the indictment sufficient, and a careful reading of the charge convinces us that it is unobjectionable.—AFFIRMED.