[No. 5498. Decided February 6, 1905.]

THE STATE OF WASHINGTON, *Respondent,* v. WASHINGTON PATCHEN, *Appellant.*[1]

APPEAL AND ERROR—EVIDENCE—SUFFICIENCY OF OBJECTIONS—WAIVER OF ERROR. Where an objection is improperly sustained and exceptions taken, but the same question is repeated in a different form, and answered, whereupon the court sustains the objection and cautions against further inquiry along that line, but the answer is allowed to stand and the defendant had the benefit thereof, there is no ruling of the trial court that can be reviewed on appeal (FULLERTON, J., dissenting).

CRIMINAL LAW—RAPE—EVIDENCE. In a prosecution for rape upon a child, committed in the presence of other children called as witnesses for the state, it is not proper to restrict their cross-examination by the defendant, and that it tends to show the commission of another crime by defendant is no valid objection.

CRIMINAL LAW—RAPE—UNSUPPORTED TESTIMONY OF CHILD. It is proper to instruct that one may be convicted of rape upon the unsupported evidence of an infant under the years of discretion.

TRIAL—ARGUMENT OF COUNSEL—LIMITING. Error cannot be predicated in a criminal prosecution upon limiting the argument of counsel to twenty-five minutes, where counsel refused to use ten minutes additional, granted at the close of his argument.

CRIMINAL LAW—EXCESSIVE SENTENCE—REVIEW. The severity of a sentence is not the subject of review upon appeal.

Appeal from a judgment of the superior court for King county, Bell, J., entered September 5, 1903, upon a trial and conviction of the crime of rape. Affirmed.

[1]Reported in 79 Pac. 479.

*T. D. Page,* for appellant.

*W. T. Scott* and *Hermon W. Craven,* for respondent.

RUDKIN, J.—The defendant in this cause was convicted of the crime of rape upon a female child of the age of ten years. From the judgment and sentence of the court this appeal is prosecuted. It will be unnecessary to refer to the testimony, except for the purpose of explaining the ruling of the court in excluding evidence on cross-examination, to which an exception was taken.

(1) The offense was committed in a room occupied by the appellant. There were present at the time, the appellant, the prosecuting witness, and two other children of the ages of eleven and twelve years, respectively. The three children went to the room together, and remained there but a very short time, during which the crime is alleged to have been committed. One of the children, other than the prosecuting witness, was a witness for the state at the trial. Counsel for appellant asked her on cross-examination, in substance, if the appellant committed the same crime upon her, at the same place, and immediately after the commission of the crime against the prosecuting witness, for which the appellant was on trial. The court sustained an objection to this question, and an exception was allowed. Counsel for appellant immediately repeated the question in a slightly different form, and the witness answered: "Yes, sir." After the question was answered, the court, of its own motion, sustained the objection, and cautioned counsel not to proceed further along that line. The answer of the witness was permitted to stand; the appellant had the full benefit of the answer; and it was no doubt the answer he expected, as his counsel adverts to this answer in his argument to this court. There was, therefore, no ruling of the trial court which can be reviewed in this court. We do not desire to be understood, however, as

approving the ruling of the trial judge in thus restricting
the cross-examination of these three witnesses. Under the
circumstances of this case, we think the appellant should
have been permitted to interrogate all these witnesses fully,
as to everything that transpired in the room during the
brief time they were there, for the purpose of testing their
credibility, and for the further purpose of showing the im-
probability of the truth of their testimony, if he could.
The fact that such cross-examination tended to prove the
commission of another crime was no valid objection.

(2) Counsel excepted to the following instruction
given by the court:

"One may be convicted of the crime of rape upon the
unsupported evidence of an infant under years of discre-
tion, if the jury is satisfied that the evidence is such as to
leave no reasonable doubt of guilt."

Counsel has failed to point out any error in this instruc-
tion, and the court discovers none.

(3) Error is assigned because the court unduly limited
counsel in his argument to the jury. The record shows
that, at the close of the testimony, the court gave counsel
fifteen minutes on each side in which to complete their
arguments to the jury. Counsel for appellant objected to
this limitation, and the court thereupon allowed counsel
for appellant twenty-five minutes, and counsel for the state
twenty minutes. After counsel for appellant had con-
sumed the twenty-five minutes allowed by the court, the
court informed him that he would be allowed ten minutes
additional. Counsel refused to proceed further, unless
the court would permit him to occupy this additional time
after the close of the closing argument for the state. Un-
der these facts, we do not think that the appellant can com-
plain of the limitation fixed by the court, for the reason
that he did not occupy all the time accorded to him.

Complaint is made of the severity of the sentence. The sentence seems unduly severe, in view of the advanced age of the appellant and the character of the prosecuting witness and her associates, as disclosed at the trial. But this question is not subject to review in this court.

Finding no reversible error in the record, the judgment is affirmed.

MOUNT, C. J., DUNBAR, and HADLEY, JJ., concur.

ROOT and CROW, JJ., took no part.

FULLERTON, J. (dissenting)—I cannot concur in the conclusion of the majority on the first proposition discussed. It is conceded that the trial court committed error in ruling as it did, and, as the appellant excepted to that ruling, appealed from the judgment pronounced against him, and assigned the ruling as error, I can see no reason why he should not have the error reviewed in this court. The judgment should be reversed, and a new trial ordered.