[No. 6225.  Decided December 5, 1906.]

THE STATE OF WASHINGTON, *Respondent,* v. MAX A.
MOBLEY, *Appellant.*[1]

RAPE—EVIDENCE OF OTHER ACTS.  In a prosecution for rape, evi-
dence of other acts between the parties is admissible.

RAPE—CONDUCT OF PROSECUTRIX—EVIDENCE—ADMISSIBILITY.  In a
prosecution for rape where the prosecutrix is uncorroborated except
by her evident condition of pregnancy, it is prejudicial error to ex-
clude evidence offered by the defendant tending to show that, at
the time of the alleged acts and while she was a member of his house-
hold, the prosecutrix was habitually away at night from twelve to
four o'clock, as tending to account for her condition and reflecting
upon her credibility.

RAPE—CORROBORATION—INSTRUCTIONS.  In a prosecution for rape it
is proper to refuse an instruction cautioning the jury against convic-
ting upon the uncorroborated evidence of the prosecutrix.

RAPE—SENTENCE—EXCESSIVE PUNISHMENT.  *Semble,* that a life
sentence upon a defendant thirty-two years of age for rape upon a
female fifteen years of age, she appearing to have consented, is ex-
cessive punishment.

[1]Reported in 87 Pac. 815.

Appeal from a judgment of the superior court for Yakima county, Rigg, J., entered November 8, 1905, upon a trial and conviction of the crime of rape.    Reversed.

*E. B. Preble* (*Ira P. Englehart*, of counsel), for appellant.

CROW, J.—The defendant, Max A. Mobley, has appealed to this court from the judgment and sentence of the superior court of Yakima county, entered upon his conviction of the crime of rape, committed upon the person of one Lydia G. Palmer, a female child under the age of eighteen years.

The particular act upon which the state elected to rely for conviction was alleged to have been committed on January 15, 1905, at which time the prosecuting witness was something over fifteen years of age.    She testified, that three several acts of sexual intercourse took place between the appellant and herself; that the first occurred shortly after Christmas in 1904; that the last act, being the one upon which the state elected to rely for conviction, occurred about January 15, 1905; that she lived at the house of appellant from the fall of 1904, to February, 1905; that appellant's wife, by soliciting the prosecutrix to have intercourse with appellant, aided and abetted him in the commission of the crime with which he is charged, and was present with appellant and herself in a room at their home on each of the three occasions above mentioned; that by reason of her relations with the appellant she was pregnant at the date of the trial, which occurred on October 9, 1905, and that she had never sustained sexual relations with any man other than appellant, and never with him except on the three occasions named.    She failed to state whether the appellant's acts were accomplished by force, or whether she actually consented to the same, although legally incapable of giving consent.    Her evidence, which was emphatically denied by appellant and his wife, was without any corroboration other than her condition of pregnancy to which she testified, and which, if it actually existed, must have been apparent to the jury.

The appellant has made numerous assignments of error, but we will only discuss those which we regard as of controlling importance.   He contends that the trial court erred in admitting, over his objection, evidence of acts of intercourse between the prosecuting witness and himself subsequent to the first act to which she had previously testified, and also in charging the jury that the state had elected to rely upon the third act for conviction.   The substance of this objection is that the state should not have been permitted to introduce evidence of any acts of intercourse other than the single one upon which it relied for conviction.   This contention is without merit, as shown by previous holdings of this court. *State v. Wood,* 33 Wash. 290, 74 Pac. 380; *State v. Fetterly,* 33 Wash. 599, 74 Pac. 810; *State v. Osborne,* 39 Wash. 548, 81 Pac. 1096.

The undisputed evidence shows that, during all the time the prosecutrix lived at the home of appellant, his family and household consisted of himself, his wife, their two small children, the father and brother of his wife, and a young lady, a Miss McArdle.   The appellant produced William Nichol and Charles Nichol, the father and brother of Mrs. Mobley, and also Miss McArdle, as witnesses, and in substance asked each of them to state to the jury whether or not the prosecuting witness, Lydia G. Palmer, during the time she and the witnesses were all residing at appellant's house, was in the almost constant habit of being out alone late at nights and returning at any time from midnight to four o'clock in the morning.   Upon objections interposed by the state, the witnesses were not permitted to answer these questions.   Thereupon the appellant by his attorney attempted to state what he offered to prove by these witnesses.   But the trial court interrupted him, with the statement that his offer would not be permitted.   Upon these rulings the appellant has assigned error.

In refusing to permit answers to the above questions, the trial court committed prejudicial error.   The state was re-

lying for conviction upon evidence of the prosecutrix, which was without corroboration except in so far as such corroboration was afforded by her condition of pregnancy, if such condition in fact existed. She attributed such alleged pregnancy to the acts of appellant. The jury undoubtedly knew from her personal appearance upon the witness stand whether she was telling the truth as to her pregnancy, the usual period of gestation having then about expired. If her testimony in this regard was manifestly truthful, it necessarily appeared that some person was guilty of the offense for which the appellant was on trial. If he could do so, the appellant was therefore legally entitled to show by competent evidence what the habits and conduct of the prosecuting witness had been at or about the time she claimed he had sustained illicit relations with her. If, in fact, this young girl was habitually away from home night after night, and made a practice of returning at any time from midnight until four o'clock in the morning, she was certainly conducting herself in a highly improper manner, and was guilty of conduct which, to say the least, would seriously reflect upon her character for chastity and affect her credibility. The dates fixed by appellant's counsel in the questions above-mentioned exactly coincided with those upon which she had charged appellant. The testimony of these witnesses, had the same been admitted, might have developed evidence tending to account for the condition of the prosecutrix, consistently with the innocence of appellant. The courts have almost universally recognized the difficulty under which a defendant necessarily labors in seeking to exculpate himself from a charge of this character when once made, and a considerable liberality should be exercised in permitting him to fully show the situation of the parties and all the circumstances surrounding them at or about the date of the act charged; and this is especially proper in this state where a conviction may be had upon the unsupported testimony of the prosecuting witness.

The appellant further contends that the court erred in refusing to give the jury the following instruction requested by him:

"The prosecuting witness, Lydia G. Palmer's relation to the alleged crime is analogous to that of an accomplice, and the jury should act upon her testimony with great care and caution and subject it to careful examination in the light of all the other evidence in the case, and the jury ought not to convict upon her testimony alone unless, after a careful examination of such testimony, you are satisfied of its truth beyond a reasonable doubt."

We think that no error was committed in this regard. The law is well settled in this state that a defendant may be convicted of the crime with which the appellant is charged, upon the uncorroborated evidence of the prosecuting witness. *State v. Fetterly, supra; State v. Patchen,* 37 Wash. 24, 79 Pac. 479.

We have carefully examined the entire charge given by the trial court, and find that the jury were properly instructed as to the necessity for finding the defendant guilty beyond a reasonable doubt, and that they were also sufficiently cautioned as to their duty in the matter of weighing the evidence and passing upon the credibility of the witnesses.

The appellant, as shown by the evidence, is a man about thirty-two years of age, and it appears from the record that he was sentenced by the trial court to imprisonment in the state penitentiary for the period of his natural life. As this case will be remanded for a new trial, we feel constrained to say that to our minds the penalty imposed by the trial judge seems to be excessively severe, especially in view of the facts disclosed by the record.

By reason of the error above mentioned, the judgment of the superior court is reversed, and the cause remanded with instructions to grant the appellant a new trial.

Mount, C. J., Hadley, and Rudkin, JJ., concur.

Dunbar and Root, JJ., took no part.