[No. 28123. Department Two. December 23, 1940.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM Moss, *Appellant*.[1]

[1]Reported in 108 P. (2d) 633.

Clinton & Southard, for appellant.

Lowell B. Vail and James F. Wickwire, for respondent.

MILLARD, J.—Defendant was charged by information, as follows, with the crime of taking indecent liberties with a female person under the age of fifteen years:

"That the said William Moss in the County of Grant, State of Washington, on or about the 9th day of May, 1940, did then and there being unlawfully and feloniously and wilfully take indecent liberties with . . . . , a female person under the age of fifteen years, to-wit; of the age of nine years, the said . . . not then and there being the wife of the said William Moss."

The information was filed under Rem. Rev. Stat. (Sup.), § 2442 [P. C. § 9114] (Laws of 1937, chapter 74, p. 321, § 2), which defines, as follows, the crime of taking indecent liberties with a female person under the age of fifteen years:

"Every person who shall take any indecent liberties with or on the person of any female under the age of fifteen years, . . . whether with or without . . . her consent, shall be guilty of a felony, . . . . "

From the judgment and sentence pronounced against him on the verdict of guilty, the defendant appeals.

The facts established by the verdict are as follows:

On May 9, 1940, between the hours of four-thirty and five-thirty p. m., the prosecuting witness, a girl nine years old, was passing the cabin of appellant in Grand Coulee, when she was accosted by appellant, who is nineteen years old and had never seen the child prior to that time. He inquired whether she wanted some dresses. She answered, "What kind?" Appellant then

caught her by the wrist, forced her to enter his bedroom, threw her on to the bed, offered her a dollar "if I would stay, and he stood up and he tried to take down my panties." At this juncture, the girl screamed, and appellant was interrupted by a newsboy who called to collect for newspapers delivered at that place. In answer to the boy's repeated knocks to attract attention, appellant went to the door, informed the newsboy, "The other man has gone downtown and he has the key with him and it is locked." The newsboy departed, and the girl again screamed. Appellant threatened to whip the girl if she "told anybody . . . He tried to show me the door was locked and he pulled a little too hard and it opened." The girl ran through the open doorway and immediately informed her mother, who at once complained to the sheriff, who promptly arrested appellant.

The confession of appellant to the arresting officers corroborates the story of the little girl and the newsboy. Appellant admitted to the officers that he took the girl into his cabin for the purpose of playing with her legs; that he sat on the bed with her and placed his hand under her dress upon her leg; and that he offered her a dollar if she would refrain from telling anyone what happened. Appellant repudiated his confession when called to the stand. He testified that, in his apprehension, he lied to the officers, but he admitted that he invited the nine year old girl, whom he did not know, into his bedroom to give to her discarded dresses of his sister, who was an adult twenty-three years old.

The questions presented by the assignments of error for determination are (1) the sufficiency of the evidence to sustain the conviction of the crime charged, and (2) the correctness of the court's charge (which is, substantially, in the language of the statute) to the jury that it is unlawful for any person to take indecent

liberties with or on the person of any female under the age of fifteen years, with or without her consent.

The contention that, as no evidence was adduced by the state which tended to show that the acts of appellant produced any sense of shame on the part of the prosecutrix, therefore the evidence is insufficient to sustain the conviction of the crime charged, is without merit. Equally without merit is the argument that the court erred in refusing to give an instruction defining the elements necessary to constitute the crime of taking indecent liberties with a female under the age of fifteen years.

■ The term "indecent liberties," as we held in *State v. Stuhr*, 1 Wn. (2d) 521, 96 P. (2d) 479, is self-defining. That the liberties taken by appellant with the person of the prosecutrix were such as the common sense of society would regard as indecent and improper, can not be gainsaid. Plainly, it is not essential that evidence be adduced tending to show that the acts of a defendant, charged as was appellant, produced any sense of shame on the part of the victim, the prosecutrix.

■ The words "indecent liberties," as used in the instruction, are clearly self-defining. The court could have said no more in the instruction except to state the evidence which established the crime charged. Anyone of the most ordinary intelligence, who is familiar with merely the rudiments of the English language, understands what is meant when one is charged with having taken indecent liberties with the person of a child. No particular definition is given by the statute of what constitutes the crime of taking "indecent liberties" with the person of a child. The court is not required to state, the indelicacy of the subject forbids it, what particular conduct will constitute the offense.

See *State v. Stuhr, supra; State v. Kunz,* 90 Minn. 526, 97 N. W. 131; *State v. MacMillan,* 46 Utah 19, 145 Pac. 833; *People v. Hicks,* 98 Mich. 86, 56 N. W. 1102.

The judgment is affirmed.

BLAKE, C. J., BEALS, SIMPSON, and JEFFERS, JJ., concur.