[No. 31751. Department One. October 2, 1952.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM WINGER, *Appellant.*[1]

[1]Reported in 248 P. (2d) 555.

230

*Frederick B. Cohen* and *John E. Bowen,* for appellant.

*John C. Merkel* and *Farrell E. Cook,* for respondent.

WEAVER, J.—Defendant was convicted of taking indecent liberties with and on the person of a female person of chaste character.

We refer only briefly to the evidence. The prosecuting witness testified: That she was fifteen years of age; that she was offered a ride by appellant while she was on her way to school; that she asked appellant to pick up her brother who was walking ahead of her; that appellant drove in a different direction; that she protested and screamed; that appellant parked in an out-of-the-way place, put his hand on

her leg above the knee, under her dress, and kissed her; that her lip was cut; that he drove her back to school; that she was of chaste character. The evidence, if submitted to the jury under proper instructions, was sufficient to support a verdict of guilty.

Appellant's first five assignments of error are directed to the giving of, and the refusal to give, certain instructions to the jury.

The information, upon which defendant was tried, recited:

"That he, the said defendant, . . . in the County of Kitsap, State of Washington, on the 10th day of October, 1950, wilfully and unlawfully did then and there without the consent of ............................, take indecent liberties with and on the person of said............................, then and there a female person of chaste character, and of the age of 15 years, . . ." (Name of prosecutrix omitted by us.)

The information was drawn pursuant to RCW 9.79.080 (Rem. Rev. Stat. (Sup.), § 2442) which provides:

"(1) Every person who takes any indecent liberties with, or on the person of any female of chaste character, without her consent, shall be guilty of a gross misdemeanor;

"(2) Every person who takes any indecent liberties with or on the person of any female under the age of fifteen years, or makes any indecent or obscene exposure of his person, or of the person of another, whether with or without his or her consent, shall be guilty of a felony, and shall be punished by imprisonment in the state penitentiary for not more than twenty years or by imprisonment in the county jail for not more than one year."

The first instruction given by the court was a statement of the case. It contained that portion of the information we have quoted. Appellant, by his first assignment of error, urges that the instruction was erroneous because it improperly "stressed the age of the prosecuting witness," and that it permitted the prosecuting attorney to make frequent, prejudicial references to her age and thus incite and inflame the jury.

To charge an accused under the first subsection of RCW 9.79.080 it is not necessary that the information state the age of the prosecuting witness. However, the instruc-

tion of which appellant complained merely stated to the jury what the state had alleged. It had been inserted into the information by interlineation. While not a necessary particular to the charge, which was under the first subsection of the statute, it disclosed to the defendant the crime with which he was charged by distinguishing it from the crime defined by the second section of the statute. It was harmless surplusage. In addition, the prosecuting witness testified before the jury at some length. She stated her age without objection. The members of the jury had every opportunity to observe her apparent age. In the absence of any showing to the contrary, it would be presumptuous to conclude that the jury was inflamed by a reference to the age of the prosecuting witness in the instruction. The record discloses that the few references to her age during the trial were in an incidental manner and not connected with any language which would incite and inflame the jury. Evidence of the girl's age at the time of the alleged offense has a definite relation to the question of whether the alleged liberties taken were indecent. Appellant's first assignment of error is without merit.

What we have said of appellant's first assignment of error, disposes of his second, which was directed to the refusal of the trial court to give a requested instruction, substantially the same as the first instruction given, except it omitted the age of the prosecuting witness.

Appellant's third and fourth assignments of error are directed to instruction No. 5 given by the trial court, and to its refusal to give requested instruction No. 4. Both treat with the same subject matter: the elements of the crime the state must prove before the jury can convict the defendant. Instruction No. 5 stated that the jury must find the prosecuting witness fifteen years of age at the time the alleged crime was committed. The instruction is attacked on two grounds: (1) that it emphasized the age of the prosecuting witness; and (2) that it does not instruct the jury (as set forth in requested instruction No. 4), that in

order to find defendant guilty it must find that the alleged acts of defendant were willful and intentional.

■■ We have already determined that reference to the age of the prosecuting witness was not error under the circumstances of this case. As to the second claim under these assignments, it must be noted that the statute under which defendant was charged does not require that the act be intentional or willful. It is within the power of the legislature to declare an act criminal, irrespective of the intent of the doer of the act. Whether intent is an essential element of a statutory crime, depends upon the intent of the legislature. *State v. Hennessy,* 114 Wash. 351, 195 Pac. 211; see *State v. Lindberg,* 125 Wash. 51, 215 Pac. 41. The legislature did not make intent or willfulness elements of the crime defined by RCW 9.79.080. The doing of the inhibited act constituted the crime. See *State v. Huey,* 14 Wn. (2d) 387, 128 P. (2d) 314. The trial court did not err in giving instruction No. 5 and in refusing to give requested instruction No. 4.

Appellant's fifth assignment of error is directed to the court's refusal to give his requested instruction No. 5, reading as follows:

"Indecent liberties are such as in the common sense of society appear to be indecent or improper and such as would shock the moral sense of such a person. Generally, shame or other disagreeable emotion on the part of a female is important in determining whether the crime of indecent liberties has been established."

Instead, the trial court gave its instruction No. 6:

"The term 'indecent liberties' is incapable of a precise legal definition. However, for the purpose of this case you are instructed that an indecent liberty is a privilege or license taken in violation of the laws of propriety, and is such an act or acts as the common sense of society would regard as indecent and improper, and offensive to modesty and decency."

■ Instruction No. 6 is almost *verbatim* with the instruction approved by us in *State v. Stuhr,* 1 Wn. (2d) 521,

96 P. (2d) 479, (*delicacy* was used instead of decency) in which we said:

"It would be as difficult to accurately define 'indecent liberties' as to define 'fraud' or 'due process of law.' We do not know that any court has made the attempt." (p. 527)

The words "indecent liberties" as used in the statute and instruction are clearly self-defining. *State v. Stuhr, supra;* *State v. Moss,* 6 Wn. (2d) 629, 108 P. (2d) 633, and cases there cited.

In *State v. Kunz,* 90 Minn. 526, 97 N. W. 131 (cited by us with approval in *State v. Stuhr, supra*), the court said:

"The term 'indecent liberties', when used with reference to a woman, *old or young,* is self-defining." (Italics ours) (p. 528).

Appellant, in his opening brief, argues that it "would have been of assistance to the jury" to have been instructed that "shame or other disagreeable emotion on the part of a female is important in determining whether the crime of indecent liberties has been established." In his reply brief, he argues "that he was entitled to have the jury instructed that generally shame or other disagreeable emotion on the part of the prosecuting witness *must be proved* before the crime of indecent liberties has been established." (Italics ours.)

 The latter contention is clearly not the law of this jurisdiction. In *State v. Moss, supra,* where defendant was charged under subsection (2) of RCW 9.79.080, we held that it was not essential that evidence be adduced tending to prove that the acts of a defendant produced any sense of shame on the part of the prosecuting witness *when she was under fifteen years of age.* Creating a sense of shame in the prosecuting witness is not an element of the crime defined by either subsection of the statute. The crime defined is taking "indecent liberties with, or on the person of any female of chaste character, *without her consent."* Shame might well be experienced by a fourteen-year-old female and not by a fifteen-year-old girl for various reasons, yet the law of propriety may have been violated in each case to such

an extent that the "common sense of society would regard [the act] as indecent and improper, and offensive to modesty and decency." Our attention has been directed to a line of authority collected in an annotation in 27 A. L. R. 859 wherein a sense of shame is discussed as a necessary element of indecent assault. The cases cited, all from one jurisdiction, are based upon a statute providing:

"The injury intended may be either bodily pain, constraint, a sense of shame, or other disagreeable emotion of the mind."

and have no application to subdivision (1) of RCW 9.79.080.

█ Under some circumstances, evidence of a sense of shame may be admissible and may be the foundation for an instruction based upon it. One such situation is that of alleged consent. If there is evidence of the consent of the prosecuting witness, either expressed or inferable from the circumstances of the case, evidence of shame may either tend to prove or disprove that consent and thus become a fact bearing upon the establishment of the crime.

Under the facts of this case, however, consent is not an issue, nor are there any issues which require such an instruction. The instruction requested would have been of no assistance to the jury. Appellant's fifth assignment of error is without merit.

Appellant's remaining assignments of error are directed to the trial court's denials of a motion for dismissal, a motion in arrest of judgment, and a motion for a new trial. They are supported by arguments already answered and are therefore denied.

The judgment is affirmed.

MALLERY, GRADY, and DONWORTH, JJ., concur.

SCHWELLENBACH, C. J., concurs in the result.

---

November 20, 1952. Petition for rehearing denied.