[No. 38338.    Department Two.    November 3, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. FRED VERNON GALBREATH, *Appellant.*\*

*Reported in 419 P.2d 800.

*Norman W. Quinn* and *David E. Gannett* (of *Nickell, Quinn & Tuai*) and *Robert B. Johnson* (of *Chambers, Chambers & Johnson*), for appellant.

*Charles O. Carroll* and *John M. Watson,* for respondent.

HAMILTON, J.—RCW 9.79.080 (2) provides:

(2) Every person who takes any indecent liberties with or on the person of any child under the age of fifteen years, or makes any indecent or obscene exposure of his

person, or of the person of another, whether with or without his or her consent, shall be guilty of a felony . . . .

Appellant was charged with three separate offenses of making an indecent or obscene exposure of his person in the presence of infant girls under the age of 15 years. He was convicted of one count. He appeals. We affirm the conviction.

Omitting the name of the complaining witness, the pertinent count of the information reads:

He, the said FRED VERNON GALBREATH, in the County of King, State of Washington, on or about the 2nd day of January, 1965, willfully, unlawfully and feloniously did make an indecent or obscene exposure of his person in the presence of . . . [complaining witness], a living human being and a female child under the age of fifteen years, to-wit: of the age of seven years, and not the wife of the said defendant;

Contrary to the statute in such case made and provided, and against the peace and dignity of the State of Washington.

The evidence of the complaining witness, if believed, was sufficient to warrant submitting the case to the jury and to sustain the jury's verdict. Suffice it to say, the evidence revealed that appellant enticed the complaining witness into a room and, among other things, deliberately and lewdly exposed his genitals to her.

Appellant's first assignment of error is to the effect that RCW 9.79.080 (2) is so vague in scope and terminology as to render it unconstitutional under the sixth[1] and fourteenth[2] amendments to the United States Constitution and Const., art. 1, § 22.[3] This is so, appellant asserts, because

---

[1] ". . . the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation; . . . ." U.S. Const. amend. 6.

[2] ". . . nor shall any state deprive any person of life, liberty, or property, without due process of law; . . . ." U.S. Const. amend. 14.

[3] "In criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him, . . . ." Const., art. 1, § 22.

community values, mores and morals are flexible and ever-changing; hence, the terms "indecent" and/or "obscene" do not sufficiently and currently define a reasonably ascertainable standard of misbehavior. This vagueness, appellant contends, prevents an accused from knowing the nature and cause of the charge against him and amounts to a denial of due process.

We disagree.

■ We are not here concerned with a challenge to the certainty of the statute in question on the grounds that it violates U. S. Const. amend. 1. Notably, the standard of certainty is higher and more essential when vagueness in a statute might invade the freedoms of speech, press, and assemblage. *Ashton v. Kentucky,* 384 U.S. 195, 16 L. Ed. 2d 469, 86 Sup. Ct. 1407 (1966). Thus, strict analogy to *Baggett v. Bullitt,* 377 U. S. 360, 12 L. Ed. 2d 377, 84 Sup. Ct. 1316 (1964), is not warranted.

Instead, we are concerned with the validity of the statute under the general standards of constitutional certainty, which flow from the concept of fundamental fairness inherent in the due process clause of U. S. Const. amend. 14, and which are reflected in certain portions of U. S. Const. amend. 6 as well as in Const. art 1, § 22. The pertinent standards, and some of the authorities enunciating them, are summarized by the United States Supreme Court in *Bouie v. Columbia,* 378 U.S. 347, 350, 12 L. Ed. 2d 894, 84 Sup. Ct. 1697 (1964) as follows:

The basic principle that a criminal statute must give fair warning of the conduct that it makes a crime has often been recognized by this Court. As was said in *United States v. Harriss,* 347 U. S. 612, 617,

"The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." Thus we have struck down a state criminal statute under the Due Process Clause where it was not "sufficiently explicit to inform those who are subject to it what conduct on their part will render them

liable to its penalties." *Connally v. General Const. Co.,* 269 U. S. 385, 391. We have recognized in such cases that "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law," *ibid.,* and that "No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the State commands or forbids." *Lanzetta v. New Jersey,* 306 U. S. 451, 453.

■ Measured by these standards we find no unconstitutional vaguity in RCW 9.79.080 (2). The words "indecent" and "obscene" are common words, of common usage, and enjoy a commonly recognized meaning among people of common intelligence. Though such words may have different imputations in varying contexts, when they are used in the phrase "indecent or obscene exposure of the person" they project a connotation readily understandable to persons of ordinary comprehension, however cynical, sophisticated, or Bohemian their attitudes might otherwise be. Particularly would this appear to be so when the exposure condemned refers to behavior in the presence of children of tender years. Certainly, in the annals of the law the phrase "indecent or obscene exposure of the person," has, through usage, developed a traditional and well-settled meaning, which undoubtedly compares favorably to the meaning attributed thereto by the average layman. In short, the legal writers and scholars have long conceived the phrase to signify and relate to a lascivious exhibition of those private parts of the person which instinctive modesty, human decency, or common propriety require shall be customarily kept covered in the presence of others. *State v. Millard,* 18 Vt. 574, 46 Am. Dec. 170 (1846); *State v. Bauguess,* 106 Iowa 107, 76 N.W. 508 (1898); *People v. Kratz,* 230 Mich. 334, 203 N.W. 114 (1925); *State v. Sousa,* 2 Conn. Cir. 452, 201 A.2d 664 (1964); 2 Wharton, Criminal Law & Procedure § 784 (1957); 3 Burdick, Law of Crime § 967 (1946); 67 C.J.S. *Obscenity* § 5 (1950).

In our view, further and more detailed legislative de-

lineation of the particular misconduct which RCW 9.79-080(2) obviously interdicts is neither dictated by any flux in social values nor otherwise constitutionally required. We are satisfied that any person of common understanding, contemplating a lewd exhibition of the private parts of his or her person before a child under the age of 15 years, need not guess nor speculate as to the proscription and penalties of the statute as it is presently written.

Appellant next assigns error to the giving of instruction No. 7, which informed the jury that a person charged with indecent exposure may be convicted upon the uncorroborated testimony of the complaining witness. In challenging the instruction, appellant concedes it states the general rule of law applicable in this state. He contends, however, that it is prejudicially erroneous because (a) it omits a cautionary admonition to the effect that such testimony must satisfy the jury of guilt beyond a reasonable doubt, and (b) in the form given it amounted to a judicial comment on the evidence in violation of Const. art 4, § 16.[4]

We agree with appellant that the rule established in this state is that, in the absence of a statute to the contrary, a person accused of a sex offense involving children may be convicted upon the uncorroborated testimony of the complaining witness, if the jury finds such testimony to be true. In short, the direct and positive testimony of the complaining witness, even though uncorroborated and denied by the accused, is sufficient to present a jury question. *State v. Roller,* 30 Wash. 692, 71 Pac. 718 (1903) (statutory rape charge); *State v. Fetterly,* 33 Wash. 599, 74 Pac. 810 (1903) (statutory rape charge); *State v. Patchen,* 37 Wash. 24, 79 Pac. 479 (1905) (statutory rape charge); *State v. Mobley,* 44 Wash. 549, 87 Pac. 815 (1906) (statutory rape charge); *State v. Conlin,* 45 Wash. 478, 88 Pac. 932 (1907) (statutory rape charge); *State v. Aker,* 54 Wash. 342, 103 Pac. 420 (1909) (incest charge); *State v. Hornaday,* 67 Wash 660, 122 Pac. 322 (1912) (incest charge); *State v.*

---

[4] "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." Const. art. 4, § 16.

*Morden,* 87 Wash. 465, 151 Pac. 832 (1915) (statutory rape charge); *State v. Coffey,* 8 Wn.2d 504, 112 P.2d 989 (1941) (incest charge); *State v. Davis,* 20 Wn.2d 443, 147 P.2d 940 (1944) (carnal knowledge charge); *State v. Clayton,* 32 Wn.2d 571, 202 P.2d 922 (1949) (carnal knowledge charge).

We can conceive of no logical reason why the rule enunciated in the cited cases should not extend to the statutory offenses proscribed by RCW 9.79.080. Such offenses are rarely if ever committed under circumstances permitting knowledge and observation by persons other than the accused and the complaining witness, and not all such offenses are otherwise capable of corroboration. It would, therefore, be unrealistic and unreasonable to require proof that could not be procured, particularly where the testimony of the complaining witness is direct and positive as to all essential elements of the crime charged.

In the cited cases, however, we have not only recognized the difficulty of proof resting upon the state, but have also noted that, because of the emotional aspects surrounding charges of sex offenses against children, such charges are difficult to refute or disprove from the standpoint of the defendant. *State v. Roller, supra; State v. Mobley, supra.* Accordingly, virtually all of the pertinent instructions considered and approved in the cited cases have contained a qualification to the effect that the jury may convict, upon the uncorroborated testimony of the complaining witness, if the jury be satisfied, beyond a reasonable doubt, that the defendant is guilty of the offense charged.

As appellant has pointed out, the challenged instruction in the instant case does not contain such a qualification. We cannot, therefore, commend it as a model instruction in cases such as this. However, we do not find the omission fatal in this case. Two reasons lead us to this conclusion. First, the testimony of the complaining witness was, in fact, corroborated to some extent by the testimony of her brother and mother, and, second, the jury was amply admonished in other instructions as to the burden of proof resting upon

the state. We, therefore, find no prejudice to defendant on this score.

■ We likewise conclude that the challenged instruction, in the form given, did not amount to an unconstitutional comment on the evidence. An instruction, to fall within the constitutional ban in question, must convey or indicate to the jury a personal opinion or view of the trial judge regarding the credibility, weight or sufficiency of some evidence introduced at the trial. *State v. Clayton, supra.* A trial judge, in his instructions, is not totally prohibited from making any reference to the evidence in a case. Indeed, he is oftentimes requested and required to advise the jury as to the purpose for which certain evidence is admitted and may be considered (*e.g.*, prior convictions), or to caution the jury as to the application of some portion of the testimony (*e.g.*, statements of an accomplice), or to outline the dispositive issues or premises which the jury must or may find. Such references, so long as they in nowise indicate or reflect the trial judge's impressions concerning the weight, credibility, or sufficiency of the evidence, do not constitute proscribed comments. *State v. Dukich,* 131 Wash. 50, 228 Pac. 1019 (1924); *State v. Roberts,* 144 Wash. 381, 258 Pac. 32 (1927); *State v. Green,* 158 Wash. 574, 291 Pac. 728 (1930); *State v. Bogart,* 21 Wn.2d 765, 153 P.2d 507 (1944); *State v. Collins,* 50 Wn.2d 740, 314 P.2d 660 (1957).

In the instant case, the challenged instruction stated the law applicable to the evidence before the jury. It did not express any view as to the credibility or weight of the evidence. Other instructions clearly and fully defined the jury's role as the fact-finding body in the case, directed it to consider the instructions as a whole, and admonished it against misinterpreting any statements of the court during trial or in the instructions. We, accordingly, find no merit in appellant's challenge.

Appellant, lastly, assigns error to the refusal of the trial court to give his proposed instruction No. 1, which reads:

"The terms 'indecent liberties' is conduct or acts which the common sense of society would regard as indecent

and improper and offensive to modesty and decency. In considering whether the acts of defendant constituted 'indecent liberties,' you may consider the shame or lack of shame or emotion or lack of emotion on the part of the alleged victims."

By instruction No. 8, the trial court defined the term "indecent exposure" in substantially the same language as that found in the first sentence of appellant's proposed instruction. Appellant did not except to the instruction as given. He complains, however, that the trial court erred in refusing to authorize the jury to consider "shame or lack of shame or emotion or lack of emotion on the part of the alleged victims," as set forth in the second sentence of his proffered instruction.

Again we find no error. Under the circumstances and facts of this case a sense of shame on the part of the complaining witness was neither an element of the offense charged nor otherwise relevant to the issue of guilt or innocence. *Cf. State v. Moss*, 6 Wn.2d 629, 108 P.2d 633 (1940); *State v. Winger*, 41 Wn.2d 229, 248 P.2d 555 (1952).

The judgment is affirmed.

ROSELLINI, C. J., FINLEY and WEAVER, JJ., and LANGENBACH, J. Pro Tem., concur.