**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON

FEBRUARY 26, 2026

CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
FEBRUARY 26, 2026

SARAH R. PENDLETON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Recall of | ) | No.104342-2 |
| | ) | |
| LUCY LAUSER, Stevenson City | ) | En Banc |
| Council Position #3. | ) | |
| | ) | Filed: February 26, 2026 |

JOHNSON, J.—Stevenson City Councilmember Lucy Lauser appeals from the Skamania County Superior Court order approving the recall petition and certifying the ballot synopsis as factually and legally sufficient. We reverse the superior court and hold that the charge is neither factually nor legally sufficient.

FACTS AND PROCEDURAL HISTORY

On March 31, 2025, International Transgender Day of Visibility, Stevenson City Councilmember Lucy Lauser was protesting with a group of demonstrators outside Skamania County Courthouse. As part of the protest, Lauser exposed her breasts with the words "MY BODY IS NOT A SIN" written on her chest. She was approached by police officers who spoke with her regarding RCW 9A.88.010

(indecent exposure). Lauser advised she was expressing her First Amendment right and declined to cover her breasts. U.S. CONST. amend. I. She was not arrested or charged. Clerk's Papers (CP) at 9.

City Councilmember Lauser is a transgender woman who was elected to Stevenson City Council in 2023. She is the first openly transgender person to serve in elected office in Stevenson. Appellant's Opening Br. at 1.[1] International Transgender Day of Visibility is an annual event dedicated to celebrating transgender people and raising awareness of discrimination faced by transgender people.

Respondent Kathleen Fitzgerald, a Stevenson resident, brought this recall petition to Skamania County Superior Court, alleging that Lauser has not honored her oath of office, which amounts to malfeasance and justifies a recall. CP at 4. Fitzgerald alleged that Lauser committed malfeasance by violating RCW 9A.88.010. Verbatim Report of Proceedings (VRP) at 9.

The Skamania County Superior Court found the recall charge factually and legally sufficient "based upon the court's determination that malfeasance … just means a commission of an unlawful act" for the purposes of committing the crime of indecent exposure. VRP at 27. The court explained that the recall should move forward because the voters are the ultimate fact finders and must determine whether

---

[1] The American Civil Liberties Union of Washington submitted a brief on behalf of Lauser. This court has not received any briefing from the respondent.

Lauser's conduct amounts to an open and obscene exposure in violation of RCW 9A.88.010. VRP at 25.

## BALLOT SYNOPSIS

The ballot synopsis summarizes the statement of charges Fitzgerald alleged against Lauser in the recall petition. The ballot synopsis reads:

> The charge is that Lucy Lauser committed malfeasance in office or violated her oath of office by committing the crime of indecent exposure in violation of RCW 9A.88.010 when Lucy Lauser wore clothing that made both of her breasts fully visible with the words "my body is not a sin" written on her upper chest on March 31st, 2025 when she was standing and/or sitting on the sidewalk in front of the Skamania County Courthouse visible to pedestrians or drivers passing by her while participating with other demonstrators in an International Transgender Day of Visibility event.
>
> Should Lucy Lauser be recalled from office based on this charge?

CP at 18. The superior court found the charge factually and legally sufficient and the ballot synopsis adequate. CP at 50. Lauser appealed the sufficiency of the charge pursuant to RCW 29A.56.270.

## ISSUE

Whether the charge that Councilmember Lucy Lauser committed malfeasance or violation of her oath of office is factually and legally sufficient.

## ANALYSIS

The Washington State Constitution provides citizens with the right to recall certain elected officials for acts of misfeasance, malfeasance, or violations of their oath of office. WASH. CONST. art. I, §§ 33-34. Under the implementing legislation,

3

"malfeasance" is defined as "any wrongful conduct that affects, interrupts, or interferes with the performance of official duty." RCW 29A.56.110(1). Further, "malfeasance" means "the commission of an unlawful act," and "violation of oath of office" means the "neglect or knowing failure by an elective public officer to perform faithfully a duty imposed by law." RCW 29A.56.110(1)(b), (2).

The court's role in the recall process is limited. The court "shall not consider the truth of the charges, but only their sufficiency." RCW 29A.56.140. But courts do act as a gatekeeper to determine whether the charges are both factually and legally sufficient to support the recall. *In re Recall of Pearsall-Stipek*, 141 Wn.2d 756, 764, 10 P.3d 1034 (2000). This is to ensure the recall process is not used to harass public officials or subject them to frivolous charges. The sufficiency of a recall petition is reviewed de novo. *In re Recall of Inslee*, 200 Wn.2d 809, 817-18, 522 P.3d 972 (2023).

Factual sufficiency requires that the petition "state sufficient facts to identify" the basis for the recall, which "would constitute a prima facie showing of misfeasance, malfeasance, or a violation of the oath of office." *Chandler v. Otto*, 103 Wn.2d 268, 274, 693 P.2d 71 (1984). If there is an allegation that the "'official violated the law, the facts must show that the official intended to do so.'" *Inslee*, 200 Wn.2d at 818 (quoting *In re Recall of Inslee*, 194 Wn.2d 563, 568, 451 P.3d 305 (2019)). Legal sufficiency requires that the petition must "state with specificity

4

substantial conduct clearly amounting to misfeasance, malfeasance or violation of the oath of office." *Chandler*, 103 Wn.2d at 274. A legally cognizable justification for an official's conduct renders a recall charge insufficient. *Inslee*, 200 Wn.2d at 818.

Fitzgerald's recall petition states that Lauser violated her oath of office because, according to the Skamania County Sheriff's report, she "openly violated state law RCW 9A.88.010" after taking an oath to follow all state laws. CP at 4. The petition further states, "The fact Lucy Lauser has not honored this oath amounts to malfeasance and is justified cause for the voters to remove her from office should they so decide." CP at 4. Fitzgerald did not allege that Lauser committed misfeasance, only malfeasance and violation of her oath of office.

The recall petition is factually insufficient because it does not show Lauser intended to violate the law. Indecent exposure is any intentional "open and obscene exposure … likely to cause reasonable affront or alarm." RCW 9A.88.010(1). Not all exposure is considered obscene. For example, the statute specifically states that breastfeeding is not considered indecent exposure. As stated in the police report, Lauser believed "obscene" related to the topic of "sexual gratification." CP at 9 (internal quotation marks omitted). She did not believe her exposure violated the law because it was an act of protest, which she did not believe was "obscene." CP at 9. Therefore, even if Lauser violated the law—and there is a strong argument she did

not—it was not intentional. Rather, Lauser had a good faith belief that her conduct was lawful. This is well documented in the police report and Fitzgerald presents no facts to establish otherwise.

The recall petition is legally insufficient because it does not state with specificity facts to allege Lauser's conduct clearly violates RCW 9A.88.010. Our case law indicates that "obscene exposure" is a legal term of art, which relates to "'a *lascivious exhibition* of those private parts of the person which instinctive modesty, human decency, or common propriety require shall be customarily kept covered in the presence of others.'" *State v. Thompson*, 28 Wn. App. 2d 1, 11, 536 P.3d 682 (2023) (quoting *State v. Galbreath*, 69 Wn.2d 664, 668, 419 P.2d 800 (1966)). Thus, indecent exposure is not mere nudity. It requires some underlying "lascivious" or sexual motivation to make it obscene. Here, Lauser was engaged in political protest on a day designated to celebrate transgender people. There was nothing lascivious about her conduct. Our case law is contrary to the superior court's statement that the voters should determine whether Lauser's conduct is "obscene" because "obscene exposure" is a legally defined term. VRP at 25.

Lauser argues not only that her conduct was lawful but that it is constitutionally protected political expression. Appellant's Opening Br. at 12. We agree. Both our state and the federal constitutions protect nude expression. *O'Day v. King County*, 109 Wn.2d 796, 803, 749 P.2d 142 (1988). In *O'Day*, we narrowly

construed a law regulating nude entertainment to avoid a constitutional violation. 109 Wn.2d at 806. Because Lauser was engaged in expressive conduct, the statute should be construed to restrict only *unprotected* nude conduct to avoid a constitutional problem. "Protected expression" is conduct that (1) conveys a particularized message, and (2) the surrounding circumstances create a great likelihood that the message would be understood by those who viewed it. *Spence v. Washington*, 418 U.S. 405, 411, 94 S. Ct. 2727, 41 L. Ed. 2d 842 (1974). Here, Lauser's expressive conduct is constitutionally protected because she conveyed a particular message—protesting discrimination against transgender people—on an international day designated for that message. These surrounding circumstances create a great likelihood that her message would be understood.

The charge that Lauser violated her oath of office is also factually and legally insufficient. A violation of oath of office means the "neglect or knowing failure by an elective public officer to perform faithfully a duty imposed by law." RCW 29A.56.110(2). There is no factual basis on which Lauser violated a duty imposed by law. The petition merely alleges that by committing indecent exposure, Lauser committed malfeasance and violated her oath of office because she swore an oath to follow the law. CP at 4. Further, Lauser was not acting in her official capacity during the protest at issue. She acted as a private citizen engaged in her right to protest. Because there is no relationship between Lauser's legal duties as a city council

member and her participation in the protest, the charge of violation of oath of office is factually and legally insufficient. We hold that the recall petition is factually and legally insufficient to the charge of malfeasance and violation of oath of office.

CONCLUSION

We reverse the superior court's ruling and dismiss the recall petition because the charge that Lauser committed malfeasance or violation of oath of office by violating RCW 9A.88.010 is neither factually nor legally sufficient.

_____
Johnson, J.

WE CONCUR:

_____          _____
                                      Montoya-Lewis, J.

_____          _____
                                      Whitener, J.

_____          _____
                                      Mungia, J.

_____          _____
                                      Yu, J.P.T.

8

No. 104342-2

GONZÁLEZ, J. (concurring)—I agree with the majority opinion. Stevenson City Councilmember Lucy Lauser's protest activity is constitutionally protected. Majority at 6. I write separately to emphasize two points.

First, Lauser's protest activity is not malfeasance under RCW 29A.56.110(1) because it does not "affect[], interrupt[], or interfere[] with the performance of" her official duties.

Second, the fact her protest took place on the International Transgender Day of Visibility makes it clear that Lauser's protest activity was constitutionally protected under article I, section 5 of our state constitution, and her protest that day would have had the same constitutional protection on any other day as well.

With these observations, I respectfully concur in full.

_____
González, J.

_____
Montoya-Lewis, J.

_____
Whitener, J.

2

No. 104342-2

MADSEN, J. (concurring/dissenting)—The recall petition at issue here states that Lucy Lauser violated her oath of office when she committed the crime of indecent exposure, RCW 9A.88.010, which amounts to malfeasance. Because the facts do not show that Lauser intended to commit this offense, I agree with the majority that neither ground (malfeasance or violation of the oath of office) is factually sufficient. Majority at 4-5; *In re Recall of Inslee*, 194 Wn.2d 563, 568, 451 P.3d 305 (2019) ("Where the [recall] charge alleges the official violated the law, the facts must show the official intended to do so."); *see In re Recall of Wasson*, 149 Wn.2d 787, 791, 72 P.3d 170 (2003) (holding that a petition is factually sufficient if it "establish[es] a prima facie case of . . . malfeasance, or violation of the oath of office"). I would reverse the trial court's decision to the contrary and dismiss the petition on that ground. *See In re Recall of Pepper*, 189 Wn.2d 546, 553, 403 P.3d 839 (2017) ("A recall petition must be both legally *and* factually sufficient." (emphasis added) (citing *Chandler v. Otto*, 103 Wn.2d 268, 274, 693 P.2d 71 (1984))). In my view, we should leave it at that. Consequently, I would not address, as

the majority does, additional issues that are unnecessary to resolve the case for the reasons explained below.

### 1. Legal Sufficiency of Malfeasance in Office Charge

The majority holds that Lauser's conduct was constitutionally protected and therefore the malfeasance in office charge is legally insufficient. Majority at 6-7. The majority's analysis may be correct, but I can find no authority for a reviewing court to consider an official's potential legal defense to an alleged criminal violation. A reviewing court does not evaluate the truthfulness of recall charges; rather, we verify that the charges are factually and legally sufficient before they are placed before the electorate. *In re Recall of Sawant*, 197 Wn.2d 420, 425, 483 P.3d 752 (2021). "A charge need only make a prima facie showing of official misconduct." *In re Recall of Lee*, 122 Wn.2d 613, 619, 859 P.2d 1244 (1993) (citing *Chandler*, 103 Wn.2d at 274). The elected official who is subject to recall may defend themselves during the electoral process by citing, for example, legal defenses to an alleged violation of the law. *See id.* That defense, however, is not part of this court's "limited" role in recall petitions. *Sawant*, 197 Wn.2d at 425.[1] Instead, I believe that Lauser's claim that her conduct was constitutionally protected bears on the factual sufficiency of the malfeasance in office charge.

---

[1] It appears the majority includes this discussion to conclude that a legal defense to committing the crime of indecent exposure, such as constitutionally protected political expression, constitutes a legally cognizable justification for an official's conduct. *See* majority at 5 (citing *Inslee*, 200 Wn.2d at 818). To the extent the majority makes such a holding, I disagree.

2

2. Legal Sufficiency of Violation of the Oath of Office Charge

The majority also considers the charge that Lauser violated her oath of office stemming from the same conduct. Majority at 7-8. But this discussion is unnecessary as the majority already held (and I agree) that as a factual matter, there was no showing that Lauser *intended* to violate the law as our recall case law requires. *See id.* at 4-5. The recall petition asserted malfeasance or violation of the oath of office premised on committing the crime of indecent exposure. Clerk's Papers at 18. Thus, the failure to show intent to commit a crime renders the petition factually insufficient on both grounds—malfeasance and violation of the oath of office. There is no need to separately inquire into the legal sufficiency of violating the oath of office. *See Pepper*, 189 Wn.2d at 554-55 (requiring factual and legal sufficiency).

The majority declares instead that an official's conduct must be connected to an official's public duties in the context of a violation of the oath of office. Majority at 7. The majority explains, in part, that Lauser was not acting in an official capacity during the protest and therefore no relationship exists between Lauser's legal duties as a council member and her participation in the protest. *Id.* Yet the majority fails to cite any authority for this view, and it is simply *not the law* that this court's inquiry considers only acts related to public office or public duties.

This court examined such a connection only once in *In re Recall of Pearsall-Stipek*, 141 Wn.2d 756, 10 P.3d 1034 (2000). There, a county auditor was alleged to have committed perjury and false swearing during a lawsuit implicating the county and

3

the official herself. *Id.* at 762-63. A recall petition was filed against the auditor, who argued that the alleged violations were not malfeasance because her conduct did not influence the performance of her official duty as outlined in former RCW 29.82.010(1) (1984) (recodified at RCW 29A.56.110(1)). *Id.* at 767. The recall statute defines "malfeasance in office" as "any wrongful conduct that affects, interrupts, or interferes with the performance of official duty." RCW 29A.56.110(1). Separately, .110 (1)(b) provided that, "[*a*]*dditionally*, 'malfeasance' in office means the commission of an unlawful act." (Emphasis added.)

This court reasoned that accepting the auditor's view would render the additional definition in .110(b) superfluous. Therefore, the court concluded, the recall statutes require only that an "unlawful act" occur *while* "in office," and the statements at issue were made in the context of the auditor's official duties. *See Pearsall-Stipek,* 141 Wn.2d at 769. However, it also concluded that it was unnecessary to decide "whether the phrase 'in office' contemplates only acts committed by a public officer in their official capacity, or whether it might include private acts committed outside of an officer's official duties." *Id.*

The dissenting opinions in *Pearsall-Stipek* would have held that the malfeasance prong of the recall statute was not intended to apply to conduct that does not influence the performance of an official's duties. *Id.* at 784 (Johnson, J., dissenting), 790-91 (Talmadge, J., dissenting). This court has not adopted the dissenting justices' view.

Here, the majority echoes but does not cite the dissents in *Pearsall-Stipek* to say that conduct must be connected to an official's public duties for a violation of the oath of office charge to be legally sufficient. Majority at 7-8. This is not precedent. Even if those dissents are considered, *Pearsall-Stipek* addressed a *different* prong of the recall statute (malfeasance) and, in any event, declined to determine whether such a connection was required.

The majority also appears to borrow its reasoning from a failed argument in a judicial discipline case, *In re Disciplinary Proceeding Against Turco*, 137 Wn.2d 227, 240, 970 P.2d 731 (1999). In *Turco*, a judge shoved his wife to the ground in a fit of anger while attending a public event. *Id.* at 230-36. The judge argued he could not be disciplined because his actions occurred off the bench. We disagreed, noting among other things the "'strong policy rationales'" of maintaining public confidence in the judiciary and the need to ensure that judges will not be distracted by nonjudicial activities. *Id*. at 240 (quoting *In re Disciplinary Proceeding Against Niemi*, 117 Wn.2d 817, 821-22, 820 P.2d 41 (1991)). This court declined to "draw a bright line between the private conduct of a judge and the conduct of a judge acting in [their] official capacity." *Id.* The court concluded that discipline of extrajudicial conduct "is confined to those situations for which there is an articulable nexus between" the conduct and the judge's duties as governed by the code of judicial conduct. *Id.* at 244, 238-40.

In this case, the majority discusses Lauser's actions in terms similar to the judge's argument we rejected in *Turco*: Lauser was not acting in her official capacity during the

protest but as a private citizen. *See* majority at 7. That is not the standard we adopted in *Turco*. Instead, we recognized an official's private actions can affect their official role—a judge's acts of domestic violence committed off the bench adversely affected public confidence in the judiciary and subjected him to discipline. *Turco*, 137 Wn.2d at 245. Similarly, elected officials can adversely affect public confidence by private conduct such as former Washington State Auditor Troy Kelley, whose conduct largely occurred before he took office. *In re Disciplinary Proceeding Against Kelley*, 3 Wn.3d 541, 546, 553 P.3d 1101 (2024) (noting that Kelley was elected auditor in 2012 and the majority of criminal conduct occurred between 2008-2012).

Finally, the majority's view regarding private conduct is unclear: it says that actions of a public official committed in their private life do not qualify for recall yet such actions *can* constitute a recall charge if there is some unspecified relationship between the two roles. *See* majority at 7. Because this case can be decided on the factual prong of the recall analysis, we should decline to decide this question without briefing or precedent.

In short, I agree with the majority that Lauser did not intend to violate the indecent exposure statute. Consequently, the recall charge is factually insufficient and should be dismissed. Because the majority goes further unnecessarily and does not ground its analysis in our recall precedent, I cannot join that portion of the opinion.

6

Accordingly, I respectfully concur in part and dissent in part.

_____
Madsen, J.

_____
Stephens, C.J.

_____
Gordon McCloud, J.