[No. 34661.   Department One.   November 9, 1960.]

THE STATE OF WASHINGTON, *Respondent,* v. HOWARD JOSEPH
FISCHER, *Appellant.*[1]

*Jerome L. Jager,* for appellant.

*Charles O. Carroll* and *Anthony Savage, Jr.,* for respondent.

DONWORTH, J.—Appellant was convicted of the crime of taking indecent liberties with and on the person of a female child under the age of fifteen years. The prosecutrix, whose name shall be omitted, was appellant's stepdaughter and

[1]Reported in 356 P. (2d) 983.

was eleven years old at the time the crime was alleged to have been committed.

The state's evidence, which the jury had the right to believe, although appellant's testimony was directly in conflict therewith, briefly stated, was as follows:

At about 8:30 p. m. on the evening of September 14, 1957, two patrol officers representing the King county sheriff's office apprehended the defendant as he was getting out of the back seat of a parked car in a parking lot near Kenmore in King county. Appellant was found with his privates exposed and the prosecutrix was discovered partially undressed in the back seat of the car. Without discussing the testimony of these officers and the prosecutrix in detail, evidence was produced by the state to prove that appellant had masturbated in the immediate presence of the prosecutrix. However, the only direct evidence of physical contact between appellant and the prosecutrix was her testimony that appellant had "touched" her on the arm while both of them were lying side by side on the back seat of the car.

The information was drawn pursuant to RCW 9.79.080, which provides:

"(1) Every person who takes any indecent liberties with, or on the person of any female of chaste character, without her consent, shall be guilty of a gross misdemeanor;

"(2) Every person who takes any indecent liberties with or on the person of any child under the age of fifteen years, or makes any indecent or obscene exposure of his person, or of the person of another, whether with or without his or her consent, shall be guilty of a felony, and shall be punished by imprisonment in the state penitentiary for not more than twenty years, or by imprisonment in the county jail for not more than one year."

■ Appellant's first assignment of error (there are a total of three) relates to the failure of the trial court to dismiss the charge because of insufficiency of the state's proof. Appellant contends that the term "indecent liberties" is synonymous with the term "indecent assault"—that is, that to some extent assault and/or battery are prerequisites to the commission of the crime of taking indecent liberties.

Appellant cites no Washington case in support of this contention, and we have found none.

The trial court (after denying appellant's challenge to the sufficiency of the state's proof) instructed the jury as follows:

"The term 'indecent liberties' is incapable of a precise legal definition. However, for the purpose of this case you are instructed that an indecent liberty is a privilege or license taken in violation of the laws of propriety, and is such an act or acts as the common sense of society would regard as indecent and improper, and offensive to modesty and decency."

Under this definition of the crime, no physical contact between the parties is essential. Furthermore, this instruction has been repeatedly approved by this court. See *State v. Stuhr*, 1 Wn. (2d) 521, 96 P. (2d) 479 (1939); *State v. Moss*, 6 Wn. (2d) 629, 108 P. (2d) 633 (1940); and *State v. Winger*, 41 Wn. (2d) 229, 248 P. (2d) 555 (1952). In short, we hold that direct physical contact, lewd or otherwise, is not an essential element of the crime of indecent liberty. The state's evidence (which the jury evidently believed) showed that appellant's conduct constituted the taking of indecent liberties as defined by this court in *State v. Winger, supra*, and cases cited therein. The above-quoted instruction of the trial court was correct.

The second assignment of error has to do with the trial court's admission, over appellant's objection, of (1) testimony concerning prior criminal conduct on the part of the defendant with the prosecutrix, and (2) the trial court's failure to instruct the jury as to the restricted purpose for which such evidence may be admitted. The evidence in question related to defendant's commission of the same acts in the presence of the prosecutrix on previous occasions. In *State v. Thorne*, 43 Wn. (2d) 47, 260 P. (2d) 331 (1953), this court held that:

" . . . Such evidence is admitted for the purpose of showing the lustful inclination of the defendant toward the offended female, which in turn makes it more probable that the defendant committed the offense charged." *Cf. State*

*v. Oberg*, 187 Wash. 429, 60 P. (2d) 66 (1936); *State v. Tilden*, 79 Wash. 472, 140 Pac. 680 (1914).

We hold that the evidence objected to was properly admitted by the trial court.

■ As for the court's failure to give a limiting instruction, we note that none was asked for by appellant. Absent such a request, there is nothing for this court to review concerning this point. See Rule of Pleading, Practice and Procedure 51.16W, RCW Vol. 0, as amended, effective October 24, 1955, which reads as follows:

"Prior to the reading of instructions to the jury, and in the absence of the jury, the trial court shall hear counsel as to exceptions to the giving of any charge to the jury and to the refusal to give any charge requested in writing. . . ."

Rule 101.04W (5) of the above cited rules makes this procedure specifically applicable to criminal as well as civil cases. See, also, *State v. Hinkley*, 52 Wn. (2d) 415, 325 P. (2d) 889 (1958); *State v. Myers*, 53 Wn. (2d) 446, 334 P. (2d) 536 (1959). No error can be predicated on the court's failure to give such an instruction in this case.

■ The third and final assignment of error relates to the failure of the trial court to advise the defendant of his constitutional right to cross-examine the prosecutrix when the deputy prosecuting attorney objected to his doing so. No more need be said than that appellant (who, although represented by two attorneys, insisted in conducting a great deal of the examination of the witnesses himself) specifically waived this right. During the colloquy between the court and the counsel relative to the state's objection, appellant addressed the court as follows:

"Your Honor, if I may add a word here, I do not know how this case is going to go, but *I waive all rights to cross examine this girl.* I love this girl very much, your Honor, and I do not want this girl to live on and in her life ever think that the testimony she gave incriminated and put me in prison, sir. *I waive all rights of these attorneys to cross examine this girl.*" (Italics ours.)

Under the circumstances of this case, the trial court did not err in not advising the defendant regarding his right of cross-examination.

It is fair to state that appellant's present counsel, who was requested by the court to represent him on his appeal to this court, did not represent him at the trial in the superior court. We express this court's appreciation to appellant's counsel for the efficient assistance he has given an indigent appellant in the prosecution of his appeal.

The judgment of the lower court is hereby affirmed in all respects.

WEAVER, C. J., MALLERY, FOSTER, and HUNTER, JJ., concur.

January 3, 1961. Petition for rehearing denied.