[No. 38219. Department Two. August 11, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. ALFRED LEOHNER, *Appellant.**

*Peter D. Jarvis,* for appellant (Appointed counsel for appeal).

*Charles O. Carroll* and *David H. Beitz,* for respondent.

Barnett, J†—Appellant Alfred Leohner was found guilty on six counts of indecent liberties by a jury sitting in King County Superior Court. He appeals from the judgment and sentence entered upon the verdict.

The information alleged six counts of indecent liberties, each count accusing appellant of molesting one of six

*Reported in 417 P.2d 368.

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

different girls, each under 15 years of age, within various time periods. For example, count No. 1 alleged that appellant,

> [D]uring a period of time intervening between the 1st day of September 1963, through the 22nd day of May 1964, willfully, unlawfully and feloniously then and there did take indecent liberties with and on the person of one [name omitted], then and there a female child under the age of fifteen years, to-wit: of the age of eleven years;
>
> . . . .

The remaining five counts were drawn in a similar manner.

The state, in its case-in-chief, elicited testimony that appellant took unpermitted liberties on numerous occasions with each of the six girls named in the information.

At the conclusion of the state's case, appellant's counsel, Mr. Paul, made the following motion:

> I want to move at this time the State be required to elect what particular incidents or alleged acts . . . that he intends to include in each count . . . . I think I ought to be aware of what particular incidents the State will rely on as to each young lady, the point being, your Honor, that the state has proved innumerable crimes in regard to these various girls . . . . I think that the defendant should know those particular incidents as to each count that we are called upon to defend.
>
> . . . .
>
> THE COURT: How would you describe such an incident?
>
> MR. PAUL: Well, I would be satisfied with any language that fairly calls the jury's attention to a specific incident
>
> . . . .

The court granted appellant's motion, and instruction No. 2, following reflects the state's election of the six specific incidents upon which it relied for conviction on the six separate counts.

> The state has elected to rely upon the following incidents in the several counts charged in the amended information. Each count is now amended to relate only to the incident which the state has elected. You are to determine the guilt or innocence of the defendant upon the basis of whether or not the defendant is guilty or innocent of the particular incident elected in each count

of the amended information. Testimony regarding other incidents may be considered by you only in determining motive, intent and the absence of accident or mistake. The defendant cannot be found guilty on any count unless you find him guilty of the particular incident elected in the particular count.

The incidents elected by the state are as follows:

### COUNT I
Incident in the tent in the [name omitted] yard in September, 1963.

### COUNT II
Incident in the tent in the [name omitted] yard in September, 1963.

### COUNT III
Incident in the defendant's apartment on or about September 22, 1963 when it is alleged that [name omitted] stayed overnight.

### COUNT IV
Incident in September, 1963 when it is alleged that [name omitted] stayed overnight in the defendant's apartment.

### COUNT V
Incident in late February, 1964 in the front room of the defendant's apartment.

### COUNT VI
Incident in March, 1964 when it is alleged that [name omitted] stayed overnight in the defendant's apartment.

No challenge is raised to the sufficiency of the evidence in support of the conviction upon all six counts, the sordid details of which need not be discussed. Appellant's two assignments of error concern the propriety of instructions No. 2, *supra,* and No. 4. The first is directed to that portion of instruction No. 2 by which the jury was cautioned: "Testimony regarding other incidents may be considered by you only in determining *motive, intent and the absence of accident or mistake.*" (Italics ours.)

 The vice of this instruction, contends appellant, is that it does not properly limit the jury in its consideration of his other criminal acts, *i.e.,* those upon which there was testimony, but which the state did not elect to rely upon in seeking its conviction. Appellant's argument is based upon the premise that *motive* and *intent* are not elements

of the crime of indecent liberties. It follows, therefore, says appellant, that the jury should be instructed *not* to consider his collateral conduct insofar as it tended to establish his motive or intent. The rule is well settled that evidence of collateral acts is admissible to show the defendant's (1) motive, (2) intent, (3) absence of accident or mistake, (4) a common scheme or plan or (5) identity. *State v. Goebel*, 36 Wn.2d 367, 218 P.2d 300 (1950). These classifications are not necessarily exclusive. *State v. Goebel*, 40 Wn.2d 18, 240 P.2d 251 (1952).

Appellant's first assignment of error is without merit. Although the state concedes in its brief that the crime of indecent liberties does not involve the element of intent, this case was tried upon the theory that intent was a necessary element of the crime charged, thus casting an added burden upon the prosecution. Each count of the information alleged that the appellant "willfully, unlawfully and feloniously . . . did take indecent liberties." Instruction No. 3 stated:

> To convict the defendant of the crime of Indecent Liberties as alleged in any count of the amended information, the State must prove beyond a reasonable doubt:
>
> (1) That at the time of the particular incident alleged in the particular count of the amended information, the defendant . . . *willfully,* unlawfully and feloniously did take indecent liberties . . . . (Italics ours.)

Instruction No. 6 stated:

> As used in the amended information in said cause and these instructions, "willfully" and "unlawfully" mean *intentionally and purposely, but not accidentally,* and without and beyond the authority of law. (Italics ours.)

█ The foregoing instructions were not excepted to and, therefore, became the law of the case. *Crippen v. Pulliam*, 61 Wn.2d 725, 380 P.2d 475 (1963). The case being tried upon the theory that intent was an element of the crime of indecent liberties, it follows that the trial court did not err by allowing the jury to consider appellant's collateral acts in determining whether he intentionally committed the acts with which he was charged.

It warrants mention that, even if intent is not properly an element of the crime of indecent liberties, as the state here concedes, we have held that evidence of the accused's collateral conduct is admissible to prove his lustful inclination. *State v. Fischer,* 57 Wn.2d 262, 356 P.2d 983 (1960), and to prove a common scheme or design, *State v. Johnson,* 60 Wn.2d 21, 371 P.2d 611 (1962). In his brief, appellant tacitly admits that his other acts are admissible to show an absence of accident or mistake. With this we also agree.

Appellant's second assignment of error concerns the word "delicacy" in the following instruction by which the court sought to define for the jury the words "indecent liberties." Instruction No. 4 stated:

The term "indecent liberties" is incapable of a precise legal definition. However, for the purpose of this case you are instructed that an indecent liberty is a privilege or license taken in violation of the laws of propriety, and is such an act or acts as the common sense of society would regard as indecent and improper, and offensive to modesty and *delicacy.* (Italics ours.)

It is contended that the word "delicacy" as used in the above instruction would seriously impair, if not exclude, appellant's defense that he was merely "wrestling" with the girls in question and, even if the jury believed that there had been objectionable touchings, the same were unintentional. We disagree. An instruction identical to the one here objected to was approved by this court in *State v. Stuhr,* 1 Wn.2d 521, 96 P.2d 479 (1939). We there said that the term "indecent liberties" was self-defining, needing no amplification. To reasonable men it can have only one meaning.

Anyone of the most ordinary intelligence, who is familiar with merely the rudiments of the English language, understands what is meant when one is charged with having taken indecent liberties with the person of a child. *State v. Moss,* 6 Wn.2d 629, 632, 108 P.2d 633 (1940).

Though the word "delicacy" was perhaps inartfully used,

when it is considered in the context of instruction No. 4, *supra,* no prejudicial error could result.

Judgment affirmed.

ROSELLINI, C. J., DONWORTH, FINLEY, and HAMILTON, JJ., concur.