[No. 914-1.    Division One—Panel 1.    October 26, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. JAY LYLE JENSEN, *Appellant.*

· *Burns & Schneiderman, Barry A. Schneiderman,* and *James R. Short* (appointed counsel for appeal), for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Byron H. Ward,* for respondent.

WILLIAMS, J.—By this action, the state prosecuted defendant under the indecent liberties statute for his conduct toward a 12-year-old girl. Trial before a jury resulted in a verdict of guilty.

In his appeal from the judgment entered upon the verdict, appellant assigns error to the admission into evidence of a statement which he purportedly made following the event, the introduction of rebuttal testimony of the reputation of the complaining witness for truth and veracity, and the giving of an instruction that direct physical contact was not an essential element of the crime of indecent liberties.

The state's evidence, which the jury was authorized to believe, was that the complaining witness visited appellant in the basement of his residence, which was located next to her home, and that during the visit appellant lowered both his own and her pants, laid on top of her, and proceeded to have intercourse. It also appears from the testimony that appellant's wife arrived on the scene and said, "all right, that did it. I'm packing my clothes. You can have the furniture." The three then went upstairs where the appellant said, "Don't worry, Debra; I've done it to my children." Then the wife said, "Don't worry about it and don't tell your parents, because you can't come over anymore."

█ The first question concerns the statement, "Don't worry, Debra; I've done it to my children." Appellant contends that the statement to which objection was taken was inadmissible because it pertained to unrelated crimes and was highly prejudicial. Although that may be so, the jury could reasonably interpret the statement to mean, when

considered in the circumstances in which it was given, that appellant acknowledged wrongdoing, but excused it as commonplace. As so considered, the statement would be an admission of guilt and therefore admissible. *State v. Studebaker,* 67 Wn.2d 980, 410 P.2d 913 (1966); *see also State v. Lounsbery,* 74 Wn.2d 659, 445 P.2d 1017 (1968).

The next question presented by appellant concerns the testimony of a teacher presented during the state's rebuttal to the effect that the complaining witness had not cheated in examinations and that she had not lied. Appellant relies upon the general rule that evidence of reputation for truth of a witness is not admissible until that reputation has been put in issue. Respondent contends that appellant raised the issue of the reliability of the complaining witness when he testified that she was retarded and "[t]he fact that any time you asked her a question she was not able to understand any of the meanings of anything you mentioned." A reasonable inference could be drawn by the jury from appellant's testimony that because the complaining witness was retarded she lacked the capacity to recollect and relate the truth. The question was, therefore, not so much the reputation of the witness for truth, but rather whether or not she was competent to testify, and, if so, what weight should be attached to her testimony. Of course the question of the mental competence of a witness is for the judge; credibility is for the jury. *State v. Moorison,* 43 Wn.2d 23, 259 P.2d 1105 (1953).

The questions of competence and credibility became critical in the case because the statements of the complaining witness were uncorroborated. It was therefore desirable for both the judge and jury to hear the teacher's testimony to enable the judge to pass upon competency; and then, in view of the finding of competency, for the jury to consider credibility. *State v. Wyse,* 71 Wn.2d 434, 429 P.2d 121 (1967); *see also United States v. Hiss,* 88 F. Supp. 559 (S.D.N.Y. 1950).

Thirdly, appellant challenges the following instruction which was given to the jury:

You are instructed that under the laws of the state of Washington direct physical contact, lewd or otherwise, is not an essential element of the crime of indecent liberties.

This is a proper statement of the law and when read with another instruction[1] given, correctly described the crime of indecent liberties. *State v. Fischer*, 57 Wn.2d 262, 356 P.2d 983 (1960).

The judgment is affirmed.

HOROWITZ, C.J., and UTTER, J., concur.

---

[1]"The term 'indecent liberties' is incapable of a precise legal definition. However, for the purpose of this case you are instructed that an indecent liberty is a privilege or license taken in violation of the laws of propriety, and is such an act or acts as the common sense of society would regard as indecent and improper, and offensive to modesty and decency."